UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | Case No. |
| ) | |
| BERT EUGENE NEFF ) | |

## PLEA AGREEMENT

The Government and the defendant, **BERT EUGENE NEFF**, hereby acknowledge the following plea agreement in this case:

### PLEA

The defendant agrees to (i) plead guilty to Count One of the Information filed in the above-numbered and -captioned matter; and (ii) waive certain rights to direct appeal and collateral attack as outlined in section **IV** of this agreement. In exchange, the United States Attorney, acting on behalf of the Government and through the undersigned Assistant United States Attorney, agrees to recommend the disposition specified below, subject to the conditions in section **VII**.

Defendant's Initials *BN*

## TERMS OF THE AGREEMENT

### I. MAXIMUM PUNISHMENT

The defendant understands that the maximum statutory punishment that may be imposed for Obstruction of Justice, in violation of Title 18, United States Code, Section 1503(a), as charged in Count One of the Information, is:

A. Imprisonment for not more than 10 years;

B. A fine of not more than $250,000, or,

C. Both A and B;

D. Supervised release of not more than 3 years; and

E. A special assessment of $100.

### II. FACTUAL BASIS FOR PLEA

The Government is prepared to prove, at a minimum, the following facts at the trial of this case:

At all times relevant to the Information, the defendant, **BERT EUGENE NEFF**, was a real estate investor, insurance restoration professional, and youth baseball coach. He was also a resident of Marion County, Indiana. Starting in at least May 2023 and continuing through at least January 2024, in Jefferson County, within the Northern District of Alabama, and elsewhere, the defendant corruptly influenced, obstructed, and impeded and endeavored to influence, obstruct and impede the due administration of justice and a federal grand jury sitting in the Northern District of Alabama. As detailed below, the defendant, **BERT EUGENE NEFF**, destroyed evidence, tampered with witnesses, and provided false statements to the Federal Bureau of Investigation ("FBI")—all an effort to interfere with an investigation into suspicious gambling activity surrounding a National Collegiate Athletic Association ("NCAA") Division 1 baseball game.

### A. RELEVANT INDIVIDUALS AND ENTITIES

University-1 is a public university in the State of Alabama. At all times relevant to the Information, Individual-1 was employed by University-1 in connection with University-1's NCAA Division 1 baseball team.

University-2 is a public university in the State of Louisiana. On or about April 28, 2023, University-1 and University-2 played each other in an NCAA baseball game. The April 28, 2023 game was game one of a three-game series.

Gambler-1 was an associate of the defendant. At all relevant times, Gambler-1 was a resident of Johnson County, Indiana. Gambler-1 wagered on the April 28, 2023 baseball game between University-1 and University-2.

Gambler-2 was an associate of the defendant. At all relevant times, Gambler-2 was a resident of Marion County, Indiana. Gambler-2 wagered on the April 28, 2023 baseball game between University-1 and University-2.

Gambler-3 was an associate of the defendant. At all relevant times, Gambler-3 was a resident of Johnson County, Indiana. Gambler-3 wagered on the April 28, 2023 baseball game between University-1 and University-2.

Gambler-4 was an associate of the defendant. At all relevant times, Gambler-4 was a resident of Marion County, Indiana. Gambler-4 wagered on the April 28, 2023 baseball game between University-1 and University-2.

### B. OVERVIEW OF THE OFFENSE CONDUCT

On or about April 28, 2023, University-1 played University-2 in an NCAA Division 1 baseball game. Prior to the game, Individual-1 sent a series of messages to the defendant using Signal, an encrypted messaging service for instant messaging, voice, and video calls. The messages from Individual-1 informed the defendant that University-1's starting pitcher was injured and would not be able to pitch that day.

During the course of this exchange, the defendant took screenshots containing portions of these messages and sent them to others using Signal. In an encrypted message to Gambler-1, the defendant wrote, "Now they are throwing a bigger turd ... f--- man!!! F---[.]" In an encrypted message to Gambler-3, the defendant wrote that the game "[b]ecame a 10000000000% winner." The defendant also placed a phone call to Gambler-4 on the evening of April 28, 2023. The defendant, Gambler-1, Gambler-2, Gambler-3, and Gambler-4 all wagered on the April 28, 2023 game.

On or about May 4, 2023, University-1 terminated Individual-1. That same day, the defendant, **BERT EUGENE NEFF**, replaced his mobile device and purchased a new cell phone at a Verizon authorized retailer in Newport, Kentucky.

On or about May 19, 2023, the defendant, **BERT EUGENE NEFF**, replaced his mobile device again. Three days later, on or about May 22, 2023, the defendant submitted an insurance claim for the cell phone, writing, "I had the phone for 2 weeks n it fell into water last Friday when I was fishing . . . ."

The defendant advised Gambler-1 that he should delete the Signal application from his phone and/or destroy his mobile device on dozens of occasions during this time period. He also advised Gambler-3 that he should delete the Signal application from his phone and/or destroy his mobile device on approximately ten occasions.

On or about August 1, 2023, the defendant, **BERT EUGENE NEFF**, was interviewed in the presence of his attorney by the FBI and the U.S. Attorney's Office ("USAO") regarding a federal investigation. Among other things, the defendant was asked about his relationship with Individual-1 and suspicious gambling activity surrounding the University-1 and University-2 baseball game on April 28, 2023. The defendant was informed at the outset of the interview that lying to federal law enforcement agents is a crime. The defendant indicated that he understood.

During the interview, the defendant, **BERT EUGENE NEFF**, provided false information to, and withheld information from, the FBI and the USAO. In particular, the defendant falsely stated that he had placed his wager on the University-1 and University-2 baseball game at the BetMGM Casino after receiving information that University-1's starting pitcher was injured, but before receiving confirmation from Individual-1 that the pitcher was definitely going to be out of the game. In fact, as the defendant knew, he had caused additional wagers to be placed on the game after receiving confirmation from Individual-1 about the pitcher's status. When the BetMGM Casino declined to take additional wagers from the defendant, the defendant traveled to Belterra Park Cincinnati and placed an additional wager on the game using a FanDuel betting kiosk. The defendant also caused a wager to be placed using a FanDuel account in the name of Gambler-4. FanDuel is a gambling platform that offers sports wagering services online and at betting kiosks.

After the interview, the defendant, **BERT EUGENE NEFF**, discussed his meeting with law enforcement with Gambler-1. The defendant continued to advise

Gambler-1 following the interview that he should delete the Signal application and/or destroy his mobile device.

On or about October 2, 2023, FBI agents served grand jury subpoenas on Gambler-1, Gambler-2, Gambler-3, and Gambler-4. A short time later, Gambler-1 discussed the grand jury subpoena with the defendant, **BERT EUGENE NEFF**. During that conversation, the defendant advised Gambler-1 not to comply with the subpoena, telling him, in sum and substance, that "If I was you, I would not go."

On or about October 23, 2023, Gambler-1 and Gambler-2 traveled together from Indianapolis, Indiana, to Birmingham, Alabama. During that drive, the defendant attempted repeatedly to contact Gambler-1. The defendant and Gambler-1 exchanged approximately twenty text messages and thirteen phone calls that day. This culminated in a three-way telephone call between the defendant, Gambler-1, and Gambler-2 that lasted approximately one hour and twenty-one minutes. During that one-hour twenty-one-minute telephone call, the defendant described certain events surrounding a recruiting trip that Individual-1 had made to Mooresville, Indiana, on or about April 19, 2023; and gambling activity surrounding the April 28, 2023 baseball game between University-1 and University-2.

The next day, on October 24, 2023, Gambler-1, Gambler-2, and Gambler-4 testified before a grand jury sitting in the Northern District of Alabama. After their testimony, Gambler-1, Gambler-2, and Gambler-4 traveled together from Birmingham, Alabama to Indianapolis, Indiana. During the drive to Indiana, the defendant, **BERT EUGENE NEFF**, contacted Gambler-4 and sought to obtain additional information about the grand jury testimony that each witness provided.

On or about January 2, 2024, the defendant, **BERT EUGENE NEFF**, met with Gambler-1 in person and attempted to discuss the federal investigation again.

**The defendant hereby stipulates that the facts stated above are substantially correct and that the Court can use these facts in calculating the defendant's sentence. The defendant further acknowledges that these facts do not constitute all of the evidence of each and every act that the defendant and/or any co-conspirators may have committed.**

_____
BERT EUGENE NEFF

### III.     RECOMMENDED SENTENCE

Subject to the limitations in section **VII** regarding subsequent conduct and pursuant to Fed. R. Crim. P. 11(c)(1)(B), the Government will recommend the following disposition:

- A. That the defendant be awarded a two (2) level reduction in the defendant's adjusted offense level, based upon the defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for the defendant's criminal conduct. The Government agrees to make a motion pursuant to USSG §3E1.1(b) for an additional one-level decrease in recognition of the defendant's prompt notification to the Government of the intention to enter a plea of guilty. The Government may oppose any adjustment for acceptance of responsibility if the defendant: (1) fails to admit each and every item in the factual stipulation; (2) denies involvement in the offense; (3) gives conflicting statements about the defendant's involvement in the offense; (4) is untruthful with the Court, the Government, or the United States Probation Officer; (5) obstructs or attempts to obstruct justice prior to sentencing; (6) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (7) attempts to withdraw the defendant's plea of guilty for any reason other than those expressly enumerated in the "Waiver of Right to Appeal and Post-Conviction Relief" section of this Plea Agreement;

- B. That the defendant be remanded to the custody of the Bureau of Prisons and incarcerated for a term consistent with the low end of the advisory United States Sentencing Guideline range as calculated by the Court at the time of sentencing;

- C. That following the said term of imprisonment, the defendant be placed on supervised release for a period to be determined by the Court, subject to the Court's standard conditions of supervised release;

- D. That the defendant be required to pay a fine in accordance with the sentencing guidelines should the Court determine that the defendant has the ability to pay a fine, said amount due and owing as of the date

sentence is pronounced, with any outstanding balance to be paid in full by the expiration of the term of supervised release; and

E. That the defendant pay a special assessment of $100, said amount due and owing as of the date sentence is pronounced.

## IV. WAIVERS

### A. STATUTE OF LIMITATIONS WAIVER

In consideration of the recommended disposition of this case, I, BERT EUGENE NEFF, hereby understand, acknowledge, and agree that if this plea agreement is set aside for any reason, I will not assert any defense based on any applicable statute of limitations or the Speedy Trial Act, 18 U.S.C. § 3161, *et seq.*, that includes the passage of time from and including the date of this plea agreement until and including the date of entry of any order setting this plea agreement aside.

### B. RIGHT TO APPEAL AND POST-CONVICTION RELIEF

In consideration of the recommended disposition of this case, I, BERT EUGENE NEFF, hereby waive and give up my right to appeal my conviction and/or sentence in this case, as well as any fines, restitution, and forfeiture orders, the Court might impose. Further, I waive and give up the right to challenge my conviction and/or sentence, any fines, restitution, forfeiture orders imposed or the manner in which my conviction and/or sentence, any fines, restitution, and forfeiture orders were determined in any post-conviction

proceeding, including, but not limited to, a motion brought under 28 U.S.C. § 2255, and any argument that (1) the statute(s) to which I am pleading guilty is or are unconstitutional or (2) the admitted conduct does not fall within the scope of the statute(s).

The defendant reserves the right to contest in an appeal or post-conviction proceeding(s) the following:

    1.    Any sentence imposed in excess of the applicable statutory maximum sentence(s);

    2.    Any sentence imposed in excess of the Guidelines range determined by the Court at the time sentence is imposed; and

    3.    Ineffective assistance of counsel.

The defendant acknowledges that before giving up these rights, the defendant discussed the United States Sentencing Guidelines and their application to the defendant's case with the defendant's attorney, who explained them to the defendant's satisfaction. The defendant further acknowledges and understands that the Government retains its right to appeal where authorized by statute.

I, BERT EUGENE NEFF, hereby place my signature on the line directly below to signify that I fully understand the foregoing paragraphs, and that I am knowingly and voluntarily entering into this waiver.

BERT EUGENE NEFF

## V. UNITED STATES SENTENCING GUIDELINES

The defendant's counsel has explained to the defendant, that in light of the United States Supreme Court's decision in *United States v. Booker*, the federal sentencing guidelines are **advisory** in nature. Sentencing is in the Court's discretion and is not required to be within the guideline range. The defendant agrees that, pursuant to this agreement, the Court may use facts it finds by a preponderance of the evidence to reach an advisory guideline range, and the defendant explicitly waives any right to have those facts found by a jury beyond a reasonable doubt.

## VI. AGREEMENT NOT BINDING ON COURT

The defendant fully and completely understands and agrees that it is the Court's duty to impose sentence upon the defendant and that any sentence recommended by the Government is **NOT BINDING UPON THE COURT**, and that the Court is not required to accept the Government's recommendation. Further,

the defendant understands that if the Court does not accept the Government's recommendation, the defendant does not have the right to withdraw the guilty plea.

## VII. VOIDING OF AGREEMENT

The defendant understands that if the defendant (a) violates any federal, state, or local law or any condition of pretrial release after entering into this plea agreement, (b) moves the Court to accept a plea of guilty in accordance with, or pursuant to, the provisions of *North Carolina v. Alford*, 400 U.S. 25 (1970), (c) tenders a plea of *nolo contendere* to the charges, (d) violates any other term of this plea agreement, and/or (e) does or says anything that is inconsistent with the acceptance of responsibility, the plea agreement will become NULL and VOID at the election of the United States, and the United States will not be bound by any of the terms, conditions, or recommendations, express or implied, which are contained herein. Further, such election will not entitle the defendant to withdraw a previously entered plea.

## VIII. OTHER DISTRICTS AND JURISDICTIONS

The defendant understands and agrees that this agreement **DOES NOT BIND** any other United States Attorney in any other district, or any other state or local authority.

## IX.     COLLECTION OF FINANCIAL OBLIGATION

In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, the defendant agrees to:

- fully disclose all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party;

- promptly submit a completed financial statement to the United States Attorney's Office, in a form that it provides and as it directs;

- identify all assets over which the defendant exercises or exercised control, directly or indirectly, within the past five years, or in which the defendant has or had during that time any financial interest;

- take all steps as requested by the Government to obtain from any other parties by any lawful means any records of assets owned at any time by the defendant;

- undergo any polygraph examination the Government may choose to administer concerning such assets and to provide and/or consent to the release of the defendant's tax returns for the previous five years.

The defendant further agrees that the above information, as well as any of the defendant's financial statements and disclosures, will be complete, accurate, and truthful. Finally, the defendant expressly authorizes the United States Attorney's

Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

X.  **AGREEMENT REGARDING RELEVANT CONDUCT AND RESTITUTION**

As part of the defendant's plea agreement, the defendant admits to the above facts associated with the charges and relevant conduct for any other acts. The defendant understands and agrees that the relevant conduct contained in the factual basis will be used by the Court to determine the defendant's range of punishment under the advisory sentencing guidelines. The defendant admits that all of the crimes listed in the factual basis are part of the same acts, scheme, and course of conduct. This agreement is not meant, however, to prohibit the United States Probation Office or the Court from considering any other acts and factors, which may constitute or relate to relevant conduct. Additionally, if this agreement contains any provisions providing for the dismissal of any counts, the defendant agrees to pay any appropriate restitution to each of the separate and proximate victims related to those counts should there be any and waives objection to the inclusion of that restitution in any order issued by the Court.

XI.  **TAX, FORFEITURE AND OTHER CIVIL/ADMINISTRATIVE PROCEEDINGS**

Unless otherwise specified herein, the defendant understands and acknowledges that this agreement does not apply to or in any way limit any pending

or prospective proceedings related to the defendant's **tax liabilities**, if any, or to any pending or prospective **forfeiture** or other **civil** or **administrative** proceedings.

## XII.   IMMIGRATION STATUS

The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which the defendant is pleading guilty. The defendant's guilty plea and conviction make it practically inevitable and a virtual certainty that the defendant will be removed or deported from the United States if the defendant is not a citizen of the United States. Removal and other immigration consequences are the subject of a separate proceeding, however; and the defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. Understanding all of this, the defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that plea may entail, even if the consequence is automatic removal from the United States.

## XIII.   DEFENDANT'S ACKNOWLEDGEMENT

I have read and understand the provisions of this plea agreement consisting of 15 pages. I have discussed the case and my constitutional and other rights with my lawyer. I am satisfied with my lawyer's representation in this case. I understand

that by pleading guilty, I will be waiving and giving up my right to continue to plead not guilty, to a trial by jury, to the assistance of counsel at that trial, to confront, cross-examine, or compel the attendance of witnesses, to present evidence on my behalf, to maintain my privilege against self-incrimination, and to the presumption of innocence. I agree to enter my plea as indicated above on the terms and conditions set forth herein.

> **NO PROMISES OR REPRESENTATIONS OTHER THAN THOSE IN THE AGREEMENT HAVE BEEN MADE TO ME BY THE PROSECUTOR, OR BY ANYONE ELSE, NOR HAVE ANY THREATS BEEN MADE OR FORCE USED TO INDUCE ME TO PLEAD GUILTY.**

I further state that I have not had any drugs, medication, or alcohol within the past 48 hours except as stated here:

_____

I understand that this plea agreement will take effect and will be binding as to the Parties **only** after all necessary signatures have been affixed hereto.

I have personally and voluntarily placed my initials on every page of this plea agreement and have signed the signature line below to indicate that I have read, understand, and approve all of the provisions of this plea agreement, both individually and as a total binding agreement.

_1/30/2024_  _____
DATE                                   BERT EUGENE NEFF
                                       **Defendant**

### XIV. COUNSEL'S ACKNOWLEDGMENT

I have discussed this case with my client in detail and have advised my client of all of my client's rights and all possible defenses. My client has conveyed to me that my client understands this plea agreement and consents to all its terms. I believe the plea and disposition set forth herein are appropriate under the facts of this case and are in accord with my best judgment. I concur in the entry of the plea agreement on the terms and conditions set forth herein.

1/30/24
DATE

BRETT M. BLOOMSTON
Defendant's Counsel

### XV. GOVERNMENT'S ACKNOWLEDGMENT

I have reviewed this matter and this plea agreement and concur that the plea and disposition set forth herein are appropriate and are in the interests of justice.

PRIM F. ESCALONA
United States Attorney

1/31/2024
DATE

EDWARD J. CANTER
Assistant United States Attorney